## McCafferty v. Davis, Appellant.

*Landlord and tenant—Amicable action in ejectment—Opening judgment—Discretion of court—Married woman.*

There is no legal inhibition against a married woman, on her own behalf, entering into a lease for premises to be occupied by her, and since the Act of June 8, 1893, P. L. 344, she may authorize the confession of judgment in an amicable action of ejectment by agreement contained in such a lease.

It was not necessary for a lessor under a written lease to show affirmatively that notice to quit the premises had been given, in accordance with the procedure required under the Act of April 3, 1830, P. L. 187, to the lessee prior to the entry of an amicable action of ejectment for default in payment of rent, under the provisions of the written lease. The remedies were cumulative, and the notice required by the Act of Assembly of April 3, 1830, or by the lease relative to such proceedings, was not necessary if those proceedings were not resorted to.

Where a judgment has been entered in an amicable action of ejectment, by virtue of a warrant of attorney contained in the lease, and the defendant took a rule to open judgment, and it appeared, when the case was called for argument, that defendant had taken no depositions to support the rule, and asked for a continuance of the argument, which the court refused to grant because of the vagueness of the allegations in her petition, and afterwards discharged the rule to open the judgment, the action of the court will not be reversed, in the absence of any evidence of abuse of judicial discretion.

Argued October 21, 1919. Appeal, No. 91, Oct. T., 1919, by defendant, from judgment of C. P. No. 3, Phila. County, December Term, 1918, No. 3102, discharging rule to open judgment in the case of John B. McCafferty, agent, to the use of John A. Ryan, v. Mary A. Davis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Rule to open judgment. Before FERGUSON, J.
The opinion of the Superior Court states the case.
The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*John W. Parks,* for appellant, cited: Clark v. Everly, 8 W. & S. 226; Davis to the use v. Neel, 61 Pa. Superior Ct. 299; Rea v. Eagle Transfer Co., 201 Pa. 273.

*M. J. McEnery,* for appellee, filed no printed brief.

OPINION BY KELLER, J., February 28, 1920:

This is an appeal from an order of the court of common pleas refusing to open a judgment confessed in an amicable action in ejectment by virtue of a warrant of attorney contained in a lease, on default of payment of the rent reserved.

The assignments of error, although informal, raise four questions which we will consider in the following order:

(1) There is no legal inhibition against a married woman on her own behalf entering into a lease for premises to be occupied by her, and since the Act of June 8, 1893, P. L. 344, she may authorize the confession of judgment in an amicable action in ejectment by agreement contained in such lease. The cases to the contrary cited by the appellant were all decided before the Act of 1893 was passed. Her right to contract is now as complete as if she were single, except that she may not become an accommodation endorser, maker, guarantor, or surety for another, and may not convey or mortgage her real property unless her husband joins therein.

(2) The petition of the appellant in the court below was to open the judgment, not to strike it off or set it aside. Nevertheless, she complains of the action of the court in sustaining the judgment because the statement or averment of default failed to show affirmatively that ten days' notice to quit the premises had been given her by the lessor prior to the entry of the amicable action in ejectment. The provision in the lease requiring ten days' notice to quit applied to proceedings to recover

possession under the Act of April 3, 1830, P. L. 187, and substituted ten days' notice instead of the notice required by that act. The present proceeding was not brought under the Act of April 3, 1830, but was based upon that clause of the lease which provides that if the rent shall, at any time, be in arrear or unpaid, etc., the lease shall at the option of the said lessor, cease and determine, and authorizes any attorney to appear for the lessee in an amicable action in ejectment and confess judgment for the demised premises. The remedies were cumulative, and the notice required by the Act of Assembly of April 3, 1830, or by the lease relative to such proceedings, was not necessary if those proceedings were not resorted to.

(3) The appellant in her petition to the court of common pleas, alleged that the plaintiff by false and fraudulent representations, made at a time when her husband was away, had secured her signature to a paper, which she afterwards discovered to be a lease. She did not set forth what these false and fraudulent representations were. Her petition was filed on January 16, 1919, and on January 23d, the plaintiff's answer was filed. Depositions were taken by the plaintiff in support of his answer on January 25th, but the defendant took no steps to take depositions in support of her petition. When the rule was called for argument on January 27th, she moved the court for a continuance of the argument, so that depositions might be taken on her behalf. The court refused to do this because of the vagueness of the allegations in her petition. A letter was produced by the use-plaintiff dated June 21, 1918, in which the appellant acknowledged having signed the lease and recognized her liability for the rent. We are not satisfied that the court abused its discretion in refusing a continuance.

(4) The appellant also complains of the court's refusal to permit her husband to intervene in the action as a party defendant. This was in connection with a petition filed by him, in which he claimed to be the owner

of the property.  He admitted that some eight or nine years after he purchased the property, it was sold at sheriff's sale on an execution under a mortgage given by him to the Chew Building and Loan Association, and was purchased by the mortgagee, the predecessor in title of the use-plaintiff, but averred that he continued to occupy the premises and paid to the building association the same amount monthly which, before the sheriff's sale, he was to have paid on account of dues, interest and premiums under the building association mortgage.  Some vague and indefinite averments of ownership were advanced by him which he desired to introduce as a defense in this action.  The court dismissed the petition.  Any appeal from the action of the court, in this respect, would have to be taken by Charles H. Davis, the petitioner, not by the present appellant.  If, by any arrangement with the Chew Building and Loan Association, of which the plaintiff had notice, he regained his ownership of the premises after the sheriff's sale, his rights are not concluded by these proceedings, and he can assert them in an action of ejectment, or such other proceeding as he may elect to test the title of the plaintiff.  His wife, the appellant, the lessee under the plaintiff, is not in a position to assert his rights in this action.

The assignments of error are all overruled, and the order of the court below is affirmed, at the costs of appellant.